UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DELTA MECHANICAL CONTRACTORS, LLC,<br>Plaintiff,<br><br>v.<br><br>VENMAR CES, Inc.,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: | CA 07 304ML<br>C.A. No.: |

**COMPLAINT**

1. Plaintiff Delta Mechanical Contractors, LLC ("Delta") is a mechanical and heating ventilation air conditioning ("HVAC") contractor organized under the laws of the State of Rhode Island with its principal place of business in the Town of Warwick.

2. Upon information and belief, Defendant Venmar CES, Inc. ("Venmar") is a Canadian corporation with its principal place of business in Saskatoon, Canada. Venmar holds itself out as a leading manufacturer and supplier of commercial heating and cooling units to customers throughout North America.

3. On or about January 4, 2007, Delta executed a Purchase Order by which it purchased from Venmar certain HVAC components ("HVAC Components"), including but not limited to six air handling units, for a total cost of $723,130.61.

4. The HVAC Components from Venmar contained leaks and other defects of manufacture and design such that they were unfit for their intended purpose.

5. Venmar is subject to the jurisdiction of this Court, and the amount in controversy is sufficient to establish the jurisdiction of this Court.

COUNT I - NEGLIGENCE

6. Delta incorporates by reference the allegations contained in paragraphs 1-5 of this Complaint.

7. Venmar was negligent in the manufacture, design, and delivery of the HVAC Components, and in other actions and omissions.

8. Venmar's negligence has proximately caused damages to Delta that include but are not limited to costs incurred in repairing the defects, additional costs of labor and manpower, and other costs that in total exceed $100,000.

COUNT II – BREACH OF CONTRACT

9. Delta incorporates by reference the allegations contained in paragraphs 1-5 of this Complaint.

10. Venmar breached its contractual duty to provide the HVAC Components in accordance with detailed project plans and specifications, per the Purchase Order and other related documents.

11. Venmar's breach of its contractual duties has proximately caused damages to Delta that include but are not limited to costs incurred in repairing the defects, additional costs of labor and manpower, and other costs that in total exceed $100,000.

COUNT III - BREACH OF EXPRESS WARRANTY

12. Delta incorporates by reference the allegations contained in paragraphs 1-5 of this Complaint.

13. Venmar is a merchant under the Uniform Commercial Code as adopted by the State of Rhode Island, as defined at R.I. Gen. Laws. § 6A-2-104.

14. Venmar, to induce said sale, made certain express warranties and representations about the HVAC Components, as defined at R.I. Gen. Laws § 6A-2-313.

15. Such warranties include but are not limited to those provided in the documents related to the Purchase Order and delivery of the HVAC Components.

16. Venmar's failure to honor its express warranties has proximately caused damages to Delta that include but are not limited to costs incurred in repairing the defects, additional costs of labor and manpower, and other costs that in total exceed $100,000.

COUNT IV – BREACH OF IMPLIED WARRANTIES

17. Delta incorporates by reference the allegations contained in paragraphs 1-5 and paragraph 13 of this Complaint.

18. The aforementioned HVAC components were subject to implied warranties of merchantability under R.I. Gen. Laws § 6A-2-314. Said implied warranties include but are not limited to the following:

a. the manufacture, design, and delivery of the HVAC Components would cause them to pass without objection in the trade under the contract description, and

b. the manufacture, design, and delivery of the HVAC Components would render them fit for the ordinary purposes for which they were to be used.

19. The HVAC Components were subject to implied warranties of fitness for a particular use under R.I. Gen. Laws § 6A-2-315. Specifically:

a. Venmar knew the particular purpose for which Delta was seeking the HVAC Components, and

b. Venmar knew that Delta was relying upon Venmar's skill or judgment to furnish suitable goods.

20. Venmar's failure to honor its implied warranties of merchantability and fitness for a particular use has proximately caused damages to Delta that include but are not limited to costs incurred in repairing the defects, additional costs of labor and manpower, and other costs that in total exceed $100,000.

WHEREFORE, Plaintiff demands that it be awarded damages, costs, attorney's fees and interest.

JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

DELTA MECHANICAL CONTRACTORS, LLC

By its Attorney,
Pannone Lopes & Devereaux LLC

William E. O'Gara, Esquire (#4257)
317 Iron Horse Way, Suite 301
Providence, Rhode Island 02908
(401) 824-5100 (telephone)
(401) 824-5123 (facsimile)

Doc #6205